**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KATHLEEN NISWANDER ) | CASE NO.:  5:06-CV-1086 |
| ) | |
| Plaintiff ) | |
| ) | MAGISTRATE JUDGE LIMBERT |
| vs. ) | |
| ) | **PLAINTIFF'S MOTION TO EXTEND** |
| THE CINCINNATI INSURANCE ) | **DISCOVERY CUT-OFF DATE** |
| COMPANY ) | |
| ) | |
| Defendant ) | |

Plaintiff, KATHLEEN NISWANDER ("NISWANDER"), hereby moves this court for an order permitting the Plaintiff to take the deposition of Amy DeBrota, an attorney and a resident of Indianapolis, Indiana, and Robert Miller, an employee of the Defendant, CINCINNATI INSURANCE COMPANY ("CIC").  The court set the discovery cut-off date for December 15, 2006 at the time of the CMC on July 24, 2006. At the status hearing on December 8, 2006 Plaintiff made oral application for leave to take these two depositions as it was unlikely that it would be possible to obtain dates for those depositions before the discovery cut-off date.

Plaintiff seeks an opportunity to examine Robert Miller based on previous deposition testimony obtained in this case and documents received from Defendant on November 27, 2006. With respect to Attorney DeBrota, Plaintiff initially was of the belief that discovery could be obtained on an informal basis, but based on the circumstances Plaintiff does not believe that it would be appropriate to obtain discovery from Attorney

DeBrota without a formal deposition.

This extension should present no unfair prejudice to the Defendant as we are currently over six months away from the trial date of June 25, 2006. The basis of this motion is fully set forth in the Memorandum in Support attached hereto.

Respectfully submitted this 20th day of December, 2006.

                LINNEN CO., L.P.A.

By:    */s/Jerome T. Linnen, Jr.*
        JEROME T. LINNEN, JR. (0037894)
        Attorney for Plaintiff
        789 West Market Street
        Akron, Ohio 44303-1010
        (330) 258-8000
        Fax:  (330) 253-8095
        jay@linnenlaw.com

## MEMORANDUM IN SUPPORT

Plaintiff, NISWANDER was an employee of Defendant, CIC for over nine years, and worked out of her home as a field claims adjuster. On September 23, 2003, NISWANDER opted into an Equal Pay Act ("EPA") collective action that was pending in Federal District Court in the Southern District of Indiana. Prior to the date on which she opted into the EPA action, NISWANDER had not been subjected to any formal discipline by her employer. After opting into the collective action NISWANDER felt that she was being retaliated against as a result of her engaging in protected activity and reported the retaliation directly to the Human Resource Department of Defendant, CIC. In 2004 and 2005 Plaintiff spoke directly to Robert Miller, who was employed in the CIC HR department. Plaintiff, NISWANDER requested a transfer from her current supervisor Richard Baldwin because she felt that Baldwin was retaliating against her. Based on the discovery obtained to date, it does not appear that Defendant, CIC did anything to investigate the retaliation claims reported directly to the HR Department through Robert Miller. No Documents have been produced recording the Plaintiff's complaint to Robert Miller and it appears that Robert Miller did not follow the procedures that he was required to follow under CIC policy. Within weeks after making her last retaliation complaint to Robert Miller, about her immediate supervisor in August of 2005, her immediate supervisor faxed documents concerning her performance to upper level management. Plaintiff was then put on the on CIC progressive

discipline for the first time in her 9 year career with CIC on September 20, 2005. Niswander was no longer eligible for transfer because she was on progressive discipline. Plaintiff Niswander was then terminated on December 6, 2006 allegedly for providing documents in response to a request for production of documents submitted by Defendant CIC in the EPA action.  CIC alleges that Niswander breached its confidentiality agreement by producing documents that CIC attorneys had requested that she produce, despite a court imposed protective order that protected the confidentiality of those documents. Plaintiff claims that she was wrongfully terminated, that CIC had no real concern about the confidentiality of the documents and that her termination was set up by the CIC attorneys as a litigation tactic to discourage further participation by the party plaintiffs in the EPA action.

On November 27, 2006 Plaintiff received additional documents which should have been produced in response to Plaintiff's First Request for Production of Documents served on July 25, 2006.  Plaintiff requested all documents regarding the Plaintiff's employment, including those not contained in her personnel file. Plaintiff learned that there were documents concerning the Plaintiff's employment, critical to this case that were in the possession of Vice President Charles Stoneburner, who was three layers of management above the Plaintiff. Unfortunately, Defendant CIC failed to produce these documents until after Stoneburner's deposition. Plaintiff believes that the documents produced on November 27, 2006 serve as further evidence that Defendant, CIC took adverse action against her as a result of engaging in protected activity, which included becoming a party plaintiff in an EPA collection action; reporting retaliation to the CIC HR Department; filing a

4

claim with EEOC for retaliation; and providing documents to support her claims for retaliation and sexual discrimination to her counsel during the course of the EPA litigation. Plaintiff seeks to cross examine Robert Miller to determine if he investigated Plaintiff's claims of retaliation and what documents he generated as he was required to do under CIC policy. It is believed that Robert Miller is a material witness in this case, concerning Plaintiff's retaliation claims.

Plaintiff also seeks additional time to depose Amy Debrota who was one of the attorneys that represented the Plaintiffs in the EPA collective action. Based on the circumstances and the reasons disclosed to the court during the course of the status conference on December 8, 2006, Plaintiff believes that informal discovery from Amy Debrota is not appropriate and that she should be given the opportunity to testify under oath with the assistance of counsel. Amy Debrota is a material witness in this action and more than likely will be called at trial by the Plaintiff in this action and this court does not have jurisdiction to compel her testimony at trial. DeBrota was directly involved in dialogue with Jack Harrison concerning the document production that lead to the termination of Plaintiff Niswander and another CIC employee for the same reasons.

Based on the forgoing, Plaintiff respectfully requests additional time to schedule the depositions of Robert Miller and Amy Debrota, on dates that are convenient for counsel for both parties as well as the proposed deponents.

Respectfully submitted this 20th day of December 2006.

                              LINNEN CO., L.P.A.

By:   */s/Jerome T. Linnen, Jr.*
       JEROME T. LINNEN, JR. (0037894)
       Attorney for Plaintiff
       789 West Market Street
       Akron, Ohio 44303-1010
       (330) 258-8000
       Fax:  (330) 253-8095
       jay@linnenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December 2006, the foregoing was filed electronically by the court's electronic filing system.

                              *s/Jerome T. Linnen, Jr.*
                              JEROME T. LINNEN, JR.
                              Attorney for Plaintiff